TERPENING v. GULL LAKE ASSEMBLY OF MICHIGAN CONFERENCE OF THE METHODIST PROTESTANT CHURCH.

1. Religious Societies—Corporations—Term of Existence—Summer Resort Association.

A church assembly, incorporated under statute authorizing the "formation of corporations for the purchase and improvement of grounds to be occupied for summer homes, for camp meetings, for meetings of assemblies or associations and societies organized for intellectual and scientific culture and for the promotion of the cause of religion and morality" for a term not to exceed 30 years, which adopted a charter limiting its term to such a period and obtained initial capital by sales of shares of stock and platted lands in summer resort property to the general public, which assessed proportionate share of taxes, upkeep, and improvements of the resort premises against the lot owners, which built and rented a store building on the premises, constituted a summer resort association with mundane and pecuniary considerations so predominant as to bar holding it a religious adjunct, with right of corporate existence in perpetuity, hence its term of existence expired 30 years after date of incorporation (Const. 1908, art. 12, § 3, 2 Comp. Laws 1929, §§ 9973, 10327 et seq.; Act No. 327, § 64, Pub. Acts 1931).

As to what constitutes a trust for the advancement of religion, see 2 Restatement, Trusts, § 371, and comments thereon.

2. SAME—SUMMER RESORT ASSOCIATION—TRUSTS—ECCLESIASTICAL
   SUCCESSOR OF CHURCH ASSEMBLY.

> The property of a church assembly, organized under a statute
> permitting organization for summer resort purposes and which
> was in fact a summer resort association, was not impressed
> with a trust for the successor church as the ecclesiastical
> and lawful successor of the original church with which the
> assembly was affiliated by reason of the fact that affairs of
> the assembly were conducted by trustees ''having relation-
> ship to'' the church, where membership in the assembly was
> open to any one owning a share of stock sold to the public
> (2 Comp. Laws 1929, § 10327 *et seq.*).

3. SAME—SUMMER RESORT ASSOCIATION—EXPIRATION OF TERM OF
   EXISTENCE—LIQUIDATION.

> Purchasers of stock in church assembly which had been incor-
> porated as a summer resort association held membership stock
> of a pecuniary nature entitling them to liquidation of defunct
> corporation and participation in the final distribution of
> assets after expiration of term of existence of corporation as
> fixed by statute and its articles of association (2 Comp. Laws
> 1929, § 10327 *et seq.*).

Appeal from Kalamazoo; Lamb (Fred S.), J., pre-
siding. Submitted April 10, 1941. (Docket No. 42,
Calendar No. 41,517.) Decided June 30, 1941.

Bill by Floyd Terpening and others against Gull
Lake Assembly of Michigan Conference of the
Methodist Protestant Church and others for ap-
pointment of receiver and other relief. Cross bill
by defendants against plaintiffs for decree deter-
mining that the charter of the named defendant
exists or in the alternative that its property is im-
pressed with a trust for use of Methodist Protestant
Church. Gala Maxwell and others, trustees of the
Michigan Annual Conference of the Methodist Prot-
estant Church, intervened and filed a cross bill
against plaintiffs to impress a trust upon property

of Gull Lake Assembly of the Michigan Annual Conference of the Methodist Protestant Church for use of Methodist Protestant Church or its legal successor and to declare that the title is vested in interveners as trustees. Decree for plaintiffs. Defendants and interveners appeal. Affirmed.

*Kim Sigler* and *Burritt Hamilton,* for plaintiffs.

*Edward A. Smith* and *Mason, Sharpe & Stratton,* for defendants and interveners.

WIEST, J. Plaintiffs are holders of membership stock in the Gull Lake Assembly of Michigan Conference of Methodist Protestant Church, herein termed the Assembly, and filed the bill to have a receiver appointed to wind up its affairs and to enjoin disposition of its property pending liquidation, on the ground that its corporate existence expired in August, 1926. The Assembly was incorporated August 12, 1896, under Act No. 39, Pub. Acts 1889 (2 Comp. Laws 1929, § 10327 *et seq.,* Stat. Ann. § 21.691 *et seq.*), with a corporate existence of 30 years, and there has been no extension or winding up of its corporate affairs. In May, 1939, the Methodist Episcopal Church, the Methodist Church South and the Methodist Protestant Church united under the name of the Methodist Church, and in the declaration of union stated:

"The Methodist Church is the ecclesiastical and lawful successor of the three uniting churches, and through which the three churches as one United Church shall continue to live and have their existence, continue their institutions, and hold and enjoy their property, exercise and perform their several trusts under and in accord with the plan of union and discipline of the United Church; and such trusts or corporate bodies as exist in the constituent

churches shall be continued as long as legally necessary.''

The Assembly, by its officers, in answer to the bill, claims the corporation was organized without issuance of capital stock but admit that plaintiffs and others ''hold certificates of membership issued by the Gull Lake Assembly in units of a value of $10 each;'' but allege that the corporate existence, considering its religious purpose, was not limited to 30 years but is in perpetuity, and the property acquired by the corporation is impressed with a trust for the use, interest and benefit of the Methodist Protestant Church, to further the work and interests of the church.

Intervening defendants contend the charter of the Assembly is in perpetuity but, if it is held otherwise, then title to the property is still impressed with a trust for the use and benefit of the Methodist Protestant Church and its membership, with title vested in the board of trustees of the Michigan Annual Conference of the Methodist Protestant Church.

Upon the hearing the court decreed the corporate existence of the Assembly expired in 1926, found the affairs of the corporation had not been wound up as required by law; that the corporation held the property independently of any church or religious organization and not in trust for the use, interest and benefit of the Methodist Protestant Church or the Methodist Church, its successor under the union; and appointed a receiver to preserve the property and act further as ordered by the court.

Defendants review by appeal.

Was the corporate life of the Assembly limited to 30 years? Act No. 39, Pub. Acts 1889 (2 Comp. Laws 1929, § 10327 [Stat. Ann. § 21.691]), under which the Assembly was incorporated in 1896, authorized: ''formation of corporations for the pur-

chase and improvement of grounds to be occupied for summer homes, for camp-meetings, for meetings of assemblies or associations and societies organized for intellectual and scientific culture and for the promotion of the cause of religion and morality, or for any or all of such purposes," with a term of existence not to exceed 30 years. That statute is still in force.

The articles of association fixed the term of existence at 30 years from August 12, 1896, and stated:

"The purpose or purposes of this association are * * *: 1st. To emphasize all departments of work as a church; 2d. To earnestly labor for the salvation of souls."

Affairs of the Assembly were in the hands of trustees "having relationship to Methodist Protestant Church," but membership in the Assembly was open to any one owning a share of stock. The initial capital was obtained by means of sales of shares of stock and platted lots to the general public. Four hundred twenty-eight lots were platted and 384 have been sold. Shares of membership stock were $10 each and could be applied on lots purchased from the Assembly. Under the act of 1889, taxes were levied upon the premises as a whole, with right of the corporation to assess and collect from lot owners their proportionate shares.

The corporation built and rented a store building on the premises. In addition to normal taxes, each lot owner was assessed by the corporation annually for upkeep and improvements of the resort premises. The Assembly was a summer resort association with mundane and pecuniary considerations so predominant as to bar holding it a religous adjunct, with right of corporate existence in perpetuity under Const. 1908, art. 12, § 3, and the pro-

visions of 2 Comp. Laws 1929, § 9973, or Act No. 327, § 64, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135-64, Stat. Ann. § 21.64).

What we have said disposes of the claim of defendants, "that the property of the Gull Lake Assembly is impressed with a trust for the Methodist Church as the ecclesiastical and lawful successor of the Methodist Protestant Church."

Plaintiffs hold membership stock of a pecuniary nature entitling them to a liquidation of the defunct corporation and participation in the final distribution of the assets.

The decree in the circuit court is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.